## McWILLIAM et v FAJEN

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11443. Decided May 25, 1931

McConnell, Lind, Blackmore, Cory and Griffith, Cleveland, for McWilliam et.

Karch & Harrison, and J. M. Andrus, Cleveland, for Fajen.

MAUCK, PJ, BLOSSER and MIDDLETON, JJ, (4th Dist), sitting.

**BY THE COURT**

It is now urged by plaintiffs in error that the admission of this answer in evidence was prejudicial and that the reference to the insurance company was incompetent and not proper evidence to go to the jury. We do not question the general rule that evidence in respect to insurance in cases of this character is incompetent and that it is only admissible when connected with facts which are competent in such a way as to explain such facts to the jury, and in the last named cases it is a rule usually

observed that when it is apparent that the only purpose of inquiry was to get before the jury the fact of the insurance, the question will be held improper.

The instant case, however, is not in any of the classes named. The evidence complained of was an express promise to compensate the witness through McWilliam's insurance and that promise itself was a tacit admission of liability on the part of McWilliam.

This court will not assume that McWilliam, the owner and driver of the taxicab intended to make an insurance company pay a claim for which he was not legally liable. He would only be legally liable if the damages so agreed to be paid were the result of his wrongful act.

We conclude, therefore, that there was no error in the admission of this evidence and that there is no merit in the further contention of plaintiffs in error that the verdict of the jury was against the manifest weight of the evidence.

The judgment is affirmed.

MAUCK, PJ, BLOSSER and MIDDLETON, JJ, concur.